# IN THE SUPREME COURT OF THE STATE OF NEVADA

OSVALDO LOPEZ, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75280

**FILED**

JUL 1 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant claims the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability the outcome of the proceedings would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both deficient performance and prejudice must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous, but we review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-29283

First, appellant argues trial counsel did not investigate witnesses. Specifically, he alleges that counsel did not make meaningful efforts to procure Claudia, a witness who could have provided exculpatory evidence. We conclude appellant has not demonstrated deficient performance or prejudice. At the evidentiary hearing, counsel testified that he contacted Claudia, realized there was a language barrier, and asked Claudia to call him back so he could use an interpreter. When Claudia did not return counsel's call, counsel tried to contact her two or three more times without success. Appellant did not present Claudia at the evidentiary hearing but merely hypothesized that she may have had custody and control of the victim the morning of the incident, which allegedly would have contradicted the State's version of events.[2] Appellant's hypothesis does not demonstrate what further investigation of Claudia would have revealed that could have led to a reasonable probability of a different outcome, particularly given the evidence that the victim was playing, eating, and interacting with others the morning of the incident, activities that experts opined would have been inconsistent with her injuries when she arrived at the hospital in the evening. Accordingly, appellant has not shown that trial counsel was ineffective in this regard, and the district court did not err in denying this claim.

Second, appellant claims trial counsel should have obtained a psychological evaluation of appellant to use at sentencing. Appellant alleges that a psychological evaluation may have swayed the district court

---

[2]To the extent appellant hypothesizes that Claudia could have testified as to the victim's clumsiness and roughhousing with her brother, such testimony was introduced through other witnesses. Therefore, appellant has not shown a reasonable probability of a different outcome at trial had this same testimony been introduced through Claudia.

to grant him probation on the two child abuse charges, which could have a positive impact on appellant's parole date and hearing. Even assuming counsel was deficient in this regard, we conclude that appellant has not demonstrated resulting prejudice. Appellant was convicted of one count of first-degree murder, a non-probationable offense, and two counts of child abuse and neglect, both of which were ordered to be served concurrently to the sentence for murder. Because probation was not available to appellant for the murder conviction, he was subject to a minimum of 20 years before parole eligibility. *See* NRS 200.030(4)(b). The district court sentenced appellant to identical terms of 24 to 60 months for the child abuse counts; therefore, both terms will expire before appellant is eligible for parole for the murder count.[3] Accordingly, appellant has not shown a reasonable probability of a different outcome had counsel obtained a psychological examination, and the district court did not err in denying this claim.

Third, appellant claims the district court erred by not holding an evidentiary hearing on his claim that trial counsel should have objected to prejudicial hearsay from three witnesses regarding the victim's accusations against appellant. We disagree. On appeal from his judgment of conviction, appellant argued that the district court erroneously allowed the same three witnesses to testify to accusations by the victim against appellant, and this court found the testimony was properly admitted. *Lopez, Jr. v. State*, Docket No. 49821 (Order of Affirmance, May 5, 2009). Therefore, appellant does not demonstrate that his counsel was deficient or a reasonable probability of a different outcome had counsel objected, as this

---

[3]The parole board will consider appellant's criminal history, including the two convictions for child abuse and neglect, in determining whether to grant parole. *See* NRS 213.1099(2)(c).

court found that the statements were not inadmissible hearsay. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). Accordingly, the district court did not err in denying this claim without an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984) (concluding a petitioner is only entitled to an evidentiary hearing if he raises claims, supported by specific factual allegations, that would warrant relief if true and only if the claims are not belied by the record).

Lastly, appellant argues that cumulative error entitles him to relief. Because appellant has not shown any deficiencies in counsel's performance, there is nothing to cumulate.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Chief Judge, The Eighth Judicial District Court
        Eighth Judicial District Court, Dept. 6
        Robert L. Langford & Associates
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk